UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LEROY S. HARRIMAN, JR., ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | No. 1:12-cv-208-NT |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security,*[1] ) | |
| ) | |
| *Defendant* ) | |

### REPORT AND RECOMMENDED DECISION[2]

In this Social Security Disability appeal,[3] the plaintiff contends that the administrative law judge wrongly reopened his SSI claim. I recommend that the court vacate the commissioner's decision.

The plaintiff filed an application for SSD benefits on July 27, 2009, and an application for SSI benefits on August 4, 2009. Record at 13. The date upon which the plaintiff was last insured for the purpose of SSD benefits was December 31, 1996. *Id*. at 14. These applications were denied on January 12, 2010. *Id*. at 13. The SSI claim was approved after administrative reconsideration. *Id*. at 92. The SSD claim was denied on reconsideration. *Id*. at 91. The plaintiff requested a hearing on the SSD denial. *Id*. at 108.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Carolyn W. Colvin is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 15, 2013, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] The administrative law judge's disposition of the plaintiff's claim for Supplemental Security Income ("SSI") benefits is not at issue on this appeal. Itemized Statement of Errors Pursuant to Local Rule 16.3 ("Itemized Statement") (ECF No. 7) at 1.

1

The Notice of Hearing for the hearing requested by the plaintiff stated, under the heading "Issues I Will Consider," stated:

> The hearing concerns your application of July 27, 2009, for a Period of Disability and Disability Insurance Benefits under sections 216(i) and 223(a) of the Social Security Act (the Act). I will consider whether you are disabled under sections 216(i) and 223(d) of the Act.
>
> Under the Act, I will find you disabled if you have a physical or mental condition(s) that
> - Keeps you from doing any substantial gainful work; **and**
> - Has lasted 12 straight months, can be expected to last for 12 straight months, or can be expected to result in death.

*Id*. at 121 (emphasis in original). The section continues, setting out the procedure for review and rules that apply only to SSD applications. There is no mention of SSI. The notice also instructs the plaintiff to state his objections to "the issues I have stated" in writing no later than five business days before the hearing. *Id*. at 123.

The hearing was held on July 25, 2011. *Id.* at 32. At the outset of the hearing, the administrative law judge said:

> … I'm aware that you disagree with the determination that was made on the Title II portion of your claim and that is why you filed an appeal. I need to let you know that I am not bound by that prior determination, but at the same time, I'm also not bound by the prior determination allowing you benefits that was made on your Title XVI claim.

*Id*.

The administrative law judge's decision, dated October 27, 2011, stated, in relevant part:

> Although the claimant's Title XVI application was approved, at the reconsideration level, the undersigned reopens and revises that prior field office determination. As such, this Decision addresses the concurrent applications. In support of the undersigned's decision to reopen and revise the reconsideration determination, the undersigned cites 20 CFR 404.987 and 416.1487, "Reopening and revising determinations and decisions," as well as 20 CFR 404.988 and 20 CFR 416.1488,

> "Conditions for reopening," and 20 CFR 404.989 and 416.1489, "Good cause for reopening." As addressed in detail in "Findings of Fact and Conclusion of Law," the objective medical evidence of record does not support the claimant's alleged degree of disability limitations and, as such, revision of the Title XVI reconsideration determination is appropriate and necessary.

*Id*. at 13. The administrative law then went on to address both applications, finding no disability at any time through the date of the decision. *Id*. at 26.

There is no need to recount the administrative law judge's findings and conclusion here, as the plaintiff's appeal addresses only the procedural issue of whether the administrative law judge improperly reopened the plaintiff's SSI claim.

## I. Discussion

### A. Good Cause

As the administrative law judge's opinion appears to acknowledge, the plaintiff's SSI claim could only be reopened as of the date of her decision for good cause. 20 C.F.R. §§ 416.1487(b) ("We may reopen a final determination or decision on our own initiative[.]"); 416.988(b) (a determination or decision may be reopened more than 12 months after the date of the notice of the initial determination and within two years of the date of the notice of the initial determination "if we find good cause . . . to reopen the case[.]").

In turn, "good cause" is defined as follows:

> (a) We will find that there is good cause to reopen a determination or decision if –
> (1) New and material evidence is furnished;
> (2) A clerical error was made; or
> (3) The evidence that was considered in making the determination or decision clearly shows on its face that an error was made.
> (b) We will not find good cause to reopen your case if the only reason for reopening is a change of legal interpretation or administrative ruling upon which the determination or decision was made.

20 C.F.R. § 416.1490.

3

The plaintiff contends that the administrative law judge's opinion cannot reasonably be read to find "good cause" under this definition. Itemized Statement at 3-5. I agree. The opinion cites these regulations but does not reveal whether the administrative law judge found good cause to reopen the SSI award and, if so, on what basis she made that finding. There is no suggestion in the opinion that a clerical error was made when SSI benefits were awarded, nor that new and material evidence supporting the denial was furnished.[4]

At oral argument, counsel for the commissioner argued that the testimony at hearing of the psychologist expert called by the administrative law judge, James Claiborn, Ph.D., constituted new and material evidence, but she admitted that all of the evidence reviewed by Dr. Claiborn was available when the decision to award SSI benefits was made. The commissioner's position, then, is that whenever a claimant is award benefits under one of the two programs to which she has applied, the commissioner may reverse that award without notice so long as the claimant appeals a denial of benefits under the second program merely by arranging for a medical expert to testify at the subsequent hearing. This view vitiates the commissioner's own regulations defining finality, as well as her regulations establishing notice requirements.

Similarly, the opinion reconsiders evidence that was available to the decision-maker who awarded SSI benefits to the plaintiff, but does not specify any way in which any specific evidence or the decision itself "clearly show[ed] on its face that an error was made." 20 C.F.R. § 416.1490(a)(3). *See Mines v. Sullivan*, 981 F.2d 1068, 1070-71 (9th Cir. 1992) (quoting Social Security Administration's Programs Operation Manual interpreting the regulation at issue: "An

---

[4] The opinion notes that the plaintiff submitted additional written evidence after the hearing that was admitted into the record. Record at 14. However, there is no indication in the opinion that the administrative law judge considered this evidence to be material to her decision to reopen the SSI award. The only evidence in the record submitted by the plaintiff and dated after the date of the hearing (July 25, 2011; *id*. at 30) are Exhibits 12E and 13E, both of which are letters from the plaintiff's representative more accurately characterized as advocacy rather than evidence.

error on the face of the evidence exists where it is absolutely clear that the determination or decision was incorrect. That is, based on all the evidence in the file and any evidence of record anywhere in SSA at the time the determination or decision was made, it is unmistakably certain that the determination or decision was incorrect." (Emphasis omitted.)). *See also* Social Security Program Operations Manual System ("POMS") § DI 27505.010(c).

Counsel for the commissioner contended at oral argument that the plaintiff himself put both claims before the administrative law judge by mentioning both programs in his request for a hearing before an administrative law judge. Putting aside the fact that there could be no rational basis for a claimant to appeal from an award of full SSI benefits, this argument reads far too much into the hearing request. Counsel cited page 108 of the record, which is the first of a two-page document clearly created by the defendant in a standard format also created by the defendant. Record at 108-09. The document states, in relevant part:

> On April 27, 2010, we talked with you and completed your REQUEST FOR HEARING for SOCIAL SECURITY BENEFITS.
> * * *
> I request a hearing before an administrative law judge. I disagree with the determination made on my claim for SSI disability/Title II benefits because I was approved for SSI benefits based on a condition[]n I have had since before the date I was last insured for benefits.

*Id*. at 108. This is the only mention of both programs on page 108.

This language cannot reasonably be read as a request for a hearing on the plaintiff's award of SSI benefits, based solely on the fact that an agency employee did not delete the words "SSI disability" that appear before the slash mark. The explanation that follows the word "because" makes it manifestly clear that the plaintiff was *not* appealing the award of SSI benefits, but rather appealing the denial of SSD benefits based, at least in part, on the reason for the award of SSI benefits.

5

The commissioner's arguments put any claimant who succeeds in obtaining benefits under only one of the two programs administered by the commissioner, after having applied for benefits under both, in the untenable position of choosing whether to settle for the benefits awarded or risk losing those benefits merely by appealing the denial of other benefits, to which he or she may well be entitled.  This situation is inconsistent with the purpose of both programs.  The administrative law judge's failure to comply with applicable regulations and policy when she reopened the plaintiff's SSI award requires remand.  *E.g., Knight v. Bowen*, 690 F.Supp. 1121, 1126 (D. Mass. 1987).

### B.  Lack of Notice

I will briefly address the plaintiff's alternative argument, because I agree with that as well, and it provides another reason to remand this action.  The plaintiff contends that the failure to provide him with notice before the hearing that the administrative law judge intended to reopen his successful SSI claim also violated the commissioner's regulations and deprived him of due process of law in violation of the United States Constitution.  Itemized Statement at 5-8.

The regulation upon which the plaintiff relies is 20 C.F.R. § 405.316, which provides, in relevant part, that the notice of a scheduled hearing before an administrative law judge "will tell you . . . [t]he specific issues to be decided."  20 C.F.R. § 405.316(b)(1).  A claimant who believes "that the issues contained in the hearing notice are incorrect" must notify the administrative law judge of his or her objection no later than five business days before the hearing.  20 C.F.R. § 405.317(b).  *See also* 20 C.F.R. §§ 416.1438, 416.1439 (same).

In *Kennedy v. Bowen*, 814 F.2d 1523 (11th Cir. 1987), the Eleventh Circuit held that the Appeals Council "must give *notice* of its intent to re-examine issues not challenged by the claimant[]" before doing so.  *Id.* at 1524 (emphasis in original).  "Absent such notice, an appeals

council may not *sua sponte* expand the scope of review and upset a claimant's partially favorable decision by raising an issue that was not appealed." *Id.* at 1524-25. "[O]bservance of the notice provision is dictated by due process and fundamental fairness." *Id.* at 1528. *See also Ciccone v. Apfel*, 38 F.Supp.2d 224, 227-28 (E.D.N.Y. 1999) (acknowledging split among circuit courts and following *Kennedy*).

I see no reason why this ruling should not apply as well to requests for a hearing before an administrative law judge and the regulations cited above that apply to that proceeding. *See Wyatt v. Barnhart*, 349 F.3d 983, 984 (7th Cir. 2003).

At oral argument, counsel for the commissioner relied heavily on *Shinseki v. Sanders*, 556 U.S. 396 (2009), a case not included on the list of authorities he filed shortly before oral argument in conformance with this court's Local Rule 16.3. ECF No. 10. The Supreme Court's opinion in that case dealt with disability benefits available to veterans and the notice that the Veteran's Administration was required by statute to give to claimants. *Id.* at 399. The statutory language at issue in that case is readily distinguishable from the language of the commissioner's own regulations that is at issue here.

The plaintiff is entitled to remand on the basis of his alternative argument as well.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and, under the circumstances of this case, that the remand order also order the defendant to pay the plaintiff the SSI benefits that would otherwise have been paid to him from the date upon which the defendant stopped making payments through the date of the order of remand and into the future until such time as the commissioner takes appropriate action, if any, affecting the amount or existence of that award.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of March, 2013.

                                                /s/  John H. Rich III
                                                John H. Rich III
                                                United States Magistrate Judge